UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


KELLY MARIE VILLANI

VERSUS

ABDELLATIF E. DEVOL

CIVIL ACTION

NUMBER 15-852-JWD-EWD

### RULING

Plaintiff, Kelly Marie Villani ("Plaintiff"), has filed a Motion to Stay Discovery Pending Resolution of the Related Criminal Matter in State Court.[1]  Defendant, Abdellatif E. Devol ("Defendant"), has filed an Opposition to the Motion to Stay.[2]  For the reasons set forth herein, the Motion to Stay is GRANTED and this matter is stayed until resolution of the related criminal proceeding pending in state court.[3]  It is further ordered that the Clerk of Court CLOSE the above-captioned civil case for administrative and statistical purposes, pending further order from this Court.

### I.      Procedural History

On December 17, 2014, the Grand Jury of East Baton Rouge Parish returned an indictment against Abdellatif E. Devol (the "Indictment").[4]  Per the Indictment, Defendant was charged with

---

[1] R. Doc. 8.  As this motion is not one of the motions excepted in 28 USC § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof.  *See*, *Boyd v. Occidental Fire & Casualty Co. of North Carolina*, 2011 WL 4062383, at n. 1 (M.D. La. 9/13/11).

[2] R. Doc. 11.

[3] The Court recognizes that by her motion, Plaintiff has requested this court stay discovery pending resolution of the criminal suit.  However, a stay of discovery here would effectively result in a stay of the entire proceeding because the civil suit is focused solely on allegations against a single defendant.  In such a situation, the court may exercise its discretion to stay the entire civil proceeding.  *See e.g.*, *Brumfield v. Shelton*, 727 F.Supp. 282, 284 (E.D. La. 1989) (staying entire civil proceeding where defendant was "focal point of both the civil and criminal matters" such that "a stay of discovery as to [defendant] effectively stays the entire civil proceeding.")

[4] R. Doc. 8-3.

committing forcible rape and simple rape upon Plaintiff on or about September 14, 2013.[5]   In addition, the Indictment charged Defendant with sexual battery and attempted forcible rape upon another individual (referred to in the Indictment as "P.M.") on or about September 15, 2012.[6] Defendant was arraigned on January 15, 2015.[7]

On or about September 8, 2015, Plaintiff filed a Petition for Damages in state court.   *Kelly Marie Villani v. Abdellatif E. Devol*, 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, No. 642,093, Sec. 23.   Therein, Plaintiff alleged that Defendant "had unwanted sexual intercourse" with Plaintiff on September 13, 2013 and sexually assaulted her again on September 14, 2013.[8]   In her civil suit, Plaintiff seeks past, present, and future medical expenses and mental anguish damages stemming from the alleged sexual attacks.[9]

On or about December 21, 2015, the State of Louisiana filed a Motion to Stay Discovery in the state civil suit.[10]   Therein, the State asserted that "discovery in the criminal matter is still ongoing" and noted that the criminal case is scheduled for motions in the 19th Judicial District Court for the State of Louisiana on April 19, 2015.[11]   The State requested that discovery in the civil suit be stayed "as it relates to the ongoing criminal investigation until thirty days after the

---

[5] R. Doc. 8-3.

[6] R. Doc. 8-3.

[7] R. Doc. 8-2.

[8] R. Doc. 1-1, ¶¶ 7 & 10.

[9] R. Doc. 1-1, ¶ 12.

[10] R. Doc. 8-2.

[11] R. Doc. 8-2, ¶ 4.   The State's Motion to Stay states that motions are scheduled for April 19, 2015.   Considering the December 21, 2015 filing date, the court assumes that the State's motion contained a typographical error and that the correct date is April 19, 2016.   The state court criminal docket sheet reflects a hearing is scheduled on April 19, 2016.

disposition in the criminal prosecution has been concluded."[12]   In support of its Motion to Stay, the State asserted that the civil suit "is factually related to the…criminal charges" and that "[p]roceeding on the civil case in any way will adversely affect the ability of the district attorney to conduct related criminal investigation and/or prosecution of the related felony criminal case."[13] The State further asserted that "[a]ny witnesses or information needed in [the civil case] is likely essential in the criminal prosecution.   Any requirement of having witnesses deposed or to testify in this civil matter, will adversely affect the ability of the District Attorney to conduct a related criminal investigation or the prosecution of a related felony criminal case."[14]

On the same day the State filed a motion to stay discovery in the civil suit, Defendant removed the civil suit to this court.[15]   Following removal, Defendant filed an answer asserting that Plaintiff and Defendant had consensual sex and that Plaintiff "set up or agreed to this entire date, and the scenario which she says followed, in order to sue Mr. Devol for money." [16] Defendant asserts that Plaintiff "recorded seven hours of the encounter on her phone" and that the "tape recording proves that there was no non-consensual sex between the Plaintiff and the Defendant on the night of the date or the following morning."[17]

On February 11, 2016, Plaintiff filed a Motion to Stay Discovery Pending Resolution of

---

[12] R. Doc. 8-2, ¶ 6.

[13] R. Doc. 8-2, ¶ 5.

[14] R. Doc. 8-2, ¶ 5.

[15] R. Doc. 1.

[16] R. Doc. 6, ¶ 14.

[17] R. Doc. 6, ¶ 15.

the Related Criminal Matter in State Court.[18]   Defendant opposes the pending Motion to Stay.[19]

Defendant argues that "he will not assert his Fifth Amendment right against self-incrimination in

the discovery in the civil case" and that staying the civil case will prejudice him "because he has

a significant interest in clearing his name in order to move on with his life without the stain of

these pending and insupportable claims by Ms. Villani."[20]

## II.    Analysis

### A. Standard for a Stay

A district court has the inherent power to regulate the flow of cases and "control the

disposition of the causes on its docket with economy of time and effort for itself, for counsel, and

for litigants." *Landis v. N. Am. Co.*, 299 US 248, 254 (1936); *Billiot v. Beavers*, 2015 WL

4397108, *1 (E.D. La. July 13, 2015).   "Certainly, a district court may stay a civil proceeding

during the pendency of a parallel criminal proceeding." *U.S. v. Little Al*, 712 F.2d 133, 136 (5th

Cir. 1983).   *See also*, *SEC v. First Fin. Group of Texas, Inc.*, 659 F.2d 660, 668 (5th Cir. 1981).

While the "simultaneous prosecution of civil and criminal actions is generally unobjectionable," a

district court "[i]n 'special circumstances'" "should stay one of the proceedings pending

completion of the other to prevent a party from suffering substantial and irreparable prejudice."

*SEC v. First Fin. Group of Texas, Inc.*, 659 F.2d 660, 667 & 68 (5th Cir. 1981).   "A district court

has the discretionary authority to stay a civil action pending the resolution of a parallel criminal

proceeding when the interests of justice so require." *Whitney Nat'l Bank v. Air Ambulance by*

---

[18] R. Doc. 8.

[19] R. Doc. 11.

[20] R. Doc. 11, p. 4.

*B&C Flight Management, Inc.*, 2007 WL 1468417, at *2 (S.D. Tex. May 18, 2007) (citing *State Farm Lloyds v. Wood*, 2006 WL 3691115 (S.D. Tex. Dec. 12, 2006); *United States v. Kordel*, 397 US 1, 12 n. 27 (1970); *Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1088) (5th Cir. 1979); and *Estes-El v. Long Island Jewish Med. Ctr.*, 916 F.Supp. 268, 269 (S.D.N.Y. 1995)).

The court considers the following factors when considering whether a civil action should be stayed in light of criminal proceedings: "(1) the extent to which the issues in the criminal and civil cases overlap; (2) the status of the case, including whether the defendant has been indicted; (3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to the plaintiff caused by a delay; (4) the private interest of and burden on the defendant; (5) the interest of the court; and (6) the public interest." *Atkins v. Southeast Comm. Hosp. Sys.*, 2012 WL 370218 (M.D. La. Feb. 3, 2012) (citing *Lodge v. Boyd*, 2011 WL 4727863 (E.D. La. Oct. 6, 2011) (citing *LeBouef v. Global X-Ray*, 2008 WL 239752, at 2 (E.D. La. Jan. 29, 2008); *SEC v. First Fin. Group of Texas, Inc.*, 659 F.2d 660, 668 (5th Cir. 1981))).[21]

### B. Extent of Overlap Between the Civil and Criminal Cases

"[T]he similarity of issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay." *Dominguez v. Hartford Fin. Serv. Group, Inc.*, 530 F.Supp.2d 902, 906-07 (S.D. Tex. Jan. 18, 2008). *See also*, *Doe v. Morris*, 2012 WL 359315 (E.D. La. Feb. 2, 2012). Here, the Indictment charges Defendant with four counts – two of which parallel Plaintiff's allegations of sexual assault set forth in her civil

---

[21] The Court recognizes that in the more typical situation, a party (generally the defendant) seeks a stay to protect 5th Amendment rights. However, there is no limitation of stays to only those based on the potential for self-incrimination and there is no indication that the factors discussed herein are inapplicable to this situation, despite the fact that it is Plaintiff who seeks the stay.

suit.[22]   In addition to charges of forcible and simple rape upon Plaintiff, the Indictment also charges Defendant with one count of attempted forcible rape upon "P.M." and one count of sexual battery upon "P.M."   The Indictment is broader than the allegations set forth in the civil suit because the Indictment also includes charges relating to "P.M."   However, the charges related to Plaintiff are completely subsumed within the Indictment.   Accordingly, the Court finds there is significant overlap between the civil and criminal cases such that this factor weighs in favor of a stay.  *See, Waste Management of Louisiana, LLC v. River Birch, Inc.*, 2012 WL 520660, at *4 (E.D. La. Feb. 15, 2012) ("There is no evidence to indicate any substantive differences in the subject matter of the lawsuits.   As a result, the extent of the overlap between the suits weighs heavily in favor of granting a stay."); *Doe v. Morris*, 2012 WL 359315, at *1 (E.D. La. Feb. 2, 2012) ("The significant overlap of issues in both actions counsels in favor of a stay.").

### C. Status of the Criminal Case

As discussed below, the Court considers the status of the criminal case to be relevant to both: (1) Defendant's potential risk of self-incrimination; and (2) the State's ability to investigate and/or prosecute the criminal case.

### 1. Risk of Self-Incrimination

"Generally, a stay of a civil case is 'most appropriate' when a party to the civil action has already been indicted for the same conduct."  *Modern American Recycling Serv. v. Dunavant*, 2012 WL 1357720, at 3 (E.D. La. April 19, 2012).   *See also*, *Whitney Nat'l Bank v. Air Ambulance by B&C Flight Management, Inc.*, 2007 WL 1468417, at *3 (S.D. Tex. May 18, 2007) ("If a

---

[22] *See*, R. Doc. 8-3 & R. Doc. 1-1.

criminal indictment is returned against a civil defendant, a court should strongly consider staying the civil proceedings until the related criminal proceedings are resolved."). The status of the criminal case "is largely linked with the fourth factor, the potential burden on Defendant in not granting the stay." *LeBouef v. Global X-Ray*, 2008 WL 239752, at *2 (E.D. La. Jan. 29, 2008). This is because "[w]here a criminal indictment has been issued, there is a greater risk of self-incrimination...." *Id*. *See also*, *Hatten v. Gimelstob*, 1996 WL 627863, at *1 (E.D. La. Oct. 29, 1996) (finding that even though defendant had not stated whether he intended to invoke his 5th amendment privilege, "there is a substantial risk of self-incrimination. There is a strong argument in favor of deferring civil proceedings...where a party under indictment for a serious offense is required to defend a civil action involving the same matter."); *Brumfield v. Shelton*, 727 F.Supp. 282, 284 (E.D. La. 1989) (staying entire civil proceeding where there was a "real and appreciable risk of self-incrimination," because defendant was "focal point of both the civil and criminal matters" such that "a stay of discovery as to [defendant] effectively stays the entire civil proceeding.")

As explained by one court, "[o]ne primary goal of a stay, when a stay is indeed warranted, is to preserve a defendant's Fifth Amendment right against self-incrimination and to resolve the conflict he would face between asserting this right and defending the civil action." *Alcala v. Texas Webb County*, 625 F.Supp.2d 391, 397 (S.D. Tex. 2009). In opposition to Plaintiff's motion to stay, Defendant asserts that "he will not assert his right against self-incrimination in the civil case" and that he "is waiving his Fifth Amendment privilege in the civil case in order for the

7

discovery to proceed."[23]   While Defendant asserts he will/is waiving his Fifth Amendment right against self-incrimination in the civil suit, he notes that he is reserving "his right not to put on a defense until the close of the State's case…."[24]

The Fifth Amendment privilege against self-incrimination "does not preclude a witness from testifying voluntarily in matters which may incriminate him." *US v. Locke*, 482 F.3d 764, 767 (5th Cir. 2007).[25]   Here, Defendant's willingness to waive his Fifth Amendment privilege in the civil suit weighs against granting a stay. *See*, *Whitney Nat'l Bank v. Air Ambulance by B&C Flight Management, Inc.*, 2007 WL 1468417, at *3 (S.D. Tex. May 18, 2007) (defendant "made the strategic decision to proceed in the civil case including giving deposition testimony on the issues present in both cases.   This factor is accorded less weight as a result of [defendant's] strategic choice.").

### 2. State's Ability to Investigate or Prosecute the Criminal Case

In addition to the potential risk of placing a defendant in the untenable position of choosing between his Fifth Amendment privilege against self-incrimination and his right to defend the civil action, the status of the criminal case is relevant to the extent proceeding with this civil action

---

[23] R. Doc. 11, pp. 2 & 5.

[24] R. Doc. 11, p. 2, n. 2.

[25] Further, "[i]t is well established that a witness, in a single proceeding, may not testify voluntarily about a subject and then invoke the privilege against self-incrimination when questioned about the details.   The privilege is waived for the matters to which the witness testifies, and the scope of the waiver is determined by the scope of relevant cross-examination." *Mitchell v. US*, 526 US 314, 321 (1999).   "Waiver applies to deposition testimony as well." *Whitney Nat. Bank v. Air Ambulance by B&C Flight Management, Inc.*, 2007 WL 1468417, at *3 (S.D. Tex. May 18, 2007) (citing *United States v. Hutchinson*, 22 F.3d 846, 852-53 (9th Cir. 1993), *abrogated on other grounds*, *United States v. Yeung*, 672 F.3d 594 (9th Cir. 2012)).   Anticipating Defendant's waiver, Plaintiff suggests that she be allowed to take Defendant's deposition first "to insure there is no change of heart." (Rec. Doc. 8-1, p. 3, n. 3).   Because the Court finds a stay appropriate in this matter, the Court does not rule on Plaintiff's request.   Moreover, the Court makes no finding regarding the potential applicability of a defendant's waiver of the privilege against self-incrimination in a civil proceeding in a parallel or related criminal proceeding.

would be prejudicial to the State's ability to investigate and/or prosecute the criminal case.[26]   In its motion to stay filed before removal, the State asserted that discovery in the criminal matter was "still ongoing" and that proceeding on the civil case "in any way will adversely affect the ability of the district attorney to conduct a related criminal investigation and/or prosecution of the related felony case."[27]   The State further asserted that "[a]ny witnesses or information needed in [the civil case] is likely essential in the criminal prosecution."[28]   Allowing Defendant to depose prospective State witnesses through the civil discovery process would prejudice the State because it would allow Defendant "to gain advance notice of the witnesses' testimony in the criminal prosecution and an opportunity to shape his own testimony."   *Dominguez v. Hartford Fin. Serv. Group, Inc.*, 530 F.Supp.2d 902, 907 (S.D. Tex. 2008).   Accordingly, to the extent the status of the criminal case is relevant to the State's ability to investigate and/or prosecute the criminal case, this weighs in favor of granting a stay.

### D.  Plaintiff's Interest in Proceeding Expeditiously with the Civil Case

Plaintiff has requested the stay, and both parties recognize that this factor is not significant in the Court's analysis.[29]

---

[26] Although counsel for the Defendant has asserted that "the State's motion was withdrawn when the matter was removed to this court…," (R. Doc. 9, p. 2) review of the state court civil docket sheet does not reflect any motion by the State to withdraw the motion to stay.   Generally, if a motion was pending at the time of removal, it remains pending.   *Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 (11th Cir. 1985) ("a rule that pending motions are waived upon removal if not attached to the removal petition…is supported neither by authority nor reason….").   Moreover, there is no local rule requiring motions pending in the state court to be re-urged following removal, nor was any order to that effect entered in this case.

[27] R. Doc. 8-2, p. 2.

[28] R. Doc. 8-2, p. 2.

[29] *See*, R. Doc. 8-1, p. 3 ("The third factor relative to the plaintiff's interest in proceeding expeditiously is essentially a moot point, as it is the Plaintiff who brings this motion.") & R. Doc. 11, p. 2 (the consideration of whether a stay would be prejudicial to the Plaintiff "has been waived by Ms. Villani because she is the plaintiff and she is the one seeking the stay.").

### E.  Interest of and Burden on the Defendant

As discussed above, while Defendant has been indicted in the criminal case, he has stated in opposition to Plaintiff's motion to stay that he is waiving his Fifth Amendment privilege against self-incrimination "in order for the discovery to proceed."[30]   Additionally, Defendant argues that granting a stay in this civil case will actually prejudice him "because he has a significant interest in clearing his name in order to move on with his life without the stain of these pending and insupportable claims by Ms. Villani."[31]   While the Court recognizes Defendant's desire to "clear his name," review of the docket sheet in the criminal matter indicates that the criminal suit is progressing.[32]   A stay of this civil case until after completion of the criminal suit would not result in an immoderate or indefinite delay.   *See*, *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) (noting that "[e]ven discretionary stays, however, will be reversed when they are 'immoderate or of an indefinite duration.'") (citing *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982)). *See also*, *US v. Mallavarapu*, 2010 WL 3896422, at *6 (W.D. La. Sept. 30, 2010) (explaining that a court must "carefully consider the time reasonably expected for resolution of the 'other case,' in light of the principle that 'stay orders will be reversed when they are found to be immoderate or of an indefinite duration.'") (citing *In re Beebe*, 56 F.3d 1384, at *3 (5th Cir. 1995)).

---

[30] R. Doc. 11, p. 5.

[31] R. Doc. 11, p. 4.

[32] The docket reflects that a continuance in the criminal suit was sought by Defendant on August 31, 2015.   On October 1, 2015 and November 16, 2015, joint motions for continuance were filed by the State and Defendant.  A motion hearing on Defendant's motion to suppress evidence was held on December 15, 2015 and that motion was ruled upon on December 17, 2015.   Accordingly, it does not appear that the criminal suit is languishing and the recent continuances have been requested and/or agreed to by Defendant.

### F.  Interest of the Court and the Public

The court "has interests in judicial economy and expediency."  *Doe v. Morris*, 2012 WL 359315, at \*2 (E.D. La. Feb. 2, 2012).  *See also*, *Waste Management of Louisiana, LLC v. River Birch, Inc.*, 2012 WL 520660, at \*5 (E.D. La. Feb. 15, 2012) (The court and the public benefit from an "economical use of judicial resources.").  The "conviction of a civil defendant as a result of the entry of a plea or following a trial can contribute significantly to the narrowing of issues in dispute in the overlapping civil cases and promote settlement of civil litigation not only by that defendant but also by co-defendants who do not face criminal charges."  *Alcala v. Texas Webb County*, 625 F.Supp.2d 391, 406 (S.D. Tex. 2009) (citing *In re Worldcom, Inc. Securities Litigation*, 2002 WL 31729501, at \*8 (S.D.N.Y. Dec. 5, 2002)).  *See also*, *Rosenthal v. Giuliani*, 2001 WL 121944, at \*2 (S.D.N.Y. Feb. 9, 2001) ("[A] stay in the action will streamline later civil discovery since transcripts from the criminal case will be available to the civil parties.").  Accordingly, this Court must analyze "whether, and to what extent, the outcome of the criminal proceeding would serve to simplify or 'streamline' the issues and any possible discovery disputes." *Id*.  *See also*, *Billiot v. Beavers*, 2015 WL 4397108, at \*2 (E.D. La. July 13, 2015) ("Here, if this civil action is stayed until the conclusion of the criminal proceeding, there is no need to make rulings regarding potential discovery disputes involving issues that may affect the criminal case.  Additionally, the outcome of the criminal proceeding may guide the parties in settlement discussion and potentially eliminate the need to litigate some or all of the issues in this case.").

Based on the significant overlap of factual issues between the criminal and civil cases, there is a great risk of duplicative discovery if the civil suit is not stayed.  Moreover, because the viability of Defendant's defense of consent to sexual activity will be tested during the criminal

proceedings, the Court finds that staying civil proceedings until after the completion of the criminal suit would potentially simplify the issues raised by the parties and likely guide the parties in settlement discussions.

Finally, the public has an interest in the integrity of criminal cases and "criminal prosecutions unimpeded by concerns that may arise in discovery in a related civil case." *Whitney Nat'l Bank v. Air Ambulance by B&C Flight Management, Inc.*, 2007 WL 1468417, at *4 (S.D. Tex. May 18, 2007).  *See also*, *State Farm Lloyds v. Wood*, 2006 WL 3691115, at * 3 (S.D. Tex. Dec. 12, 2006) ("While the public has an interest in this case, the related criminal proceeding serves to advance many of those same interests, especially given the factual overlap between the cases with respect to the alleged insurance fraud.").  The Fifth Circuit has explained that the "very fact that there is a clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first.  Administrative policy gives priority to the public interest in law enforcement.  This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities."  *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962).

"In handling motions for a stay of a civil suit until the disposition of a criminal prosecution on related matters…a judge should be sensitive to the difference in the rules of discovery in civil and criminal procedure.  While the Federal Rules of Civil Procedure have provided a well-stocked battery of discovery procedures, the rules governing criminal discovery are far more restrictive." *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962).[33]  "For example, criminal defendants

---

[33] The *Campbell* Court explained that "[s]eparate policies and objectives support these different rules" and noted that

may not obtain discovery from third parties or depose a prospective Government witness unless the prospective witness is unable to attend trial." *Dominguez v. Hartford Fin. Serv. Group, Inc.*, 530 F.Supp.2d 902, 907 (S.D. Tex. 2008). Allowing such discovery would "vitiate the rules of criminal discovery and establish a harmful incentive for future criminal defendants to file civil suits in order to avoid limitations imposed by the criminal discovery rules." *Id*. *See also*, *Alcala v. Texas Webb County*, 625 F.Supp.2d 391, 397 (S.D. Tex. 2009) ("[A] stay may be justified in order to prevent extending criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), exposing the defense's theory to the prosecution in advance of trial, or otherwise prejudicing the criminal case.").

Here, Defendant candidly states that he "looks forward to discovery in the civil case which will provide more information to clear his name than the limited discovery allowed in criminal proceedings."[34] To the extent Defendant was hoping to obtain through civil discovery materials for use in the criminal case, "that is an improper civil litigation tactic." *Gustave v. City of N.Y.*, 2010 WL 3943428, at *3 (E.D.N.Y. Oct. 6, 2010).[35]

---

the narrow scope of criminal discovery is traditionally justified by "three considerations which are said to be peculiar to criminal law." "First, there has been a fear that broad disclosure of the essentials of the prosecution's case would result in perjury and manufactured evidence. Second, it is supposed that revealing the identity of confidential government informants would create the opportunity for intimidation of prospective witnesses and would discourage the giving of information to the government. Finally, it is argued that since the self-incrimination privilege would effectively block any attempts to discover from the defendant, he would retain the opportunity to surprise the prosecution whereas the state would be unable to obtain additional facts." *Campbell v. Eastland*, 307 F.2d 478, 487 & n. 12 (5th Cir. 1962).

[34] R. Doc. 11, p. 2.

[35] To the extent Defendant believes civil discovery could be used to obtain information he needs to defend the criminal proceeding, the Court notes that the prosecution in the criminal suit has an affirmative duty to disclose exculpatory evidence to a criminal defendant pursuant to *Brady v. Maryland*, 373 US 83, 87 (1963).

III.    **Conclusion**

For the reasons set forth herein, the Motion to Stay is GRANTED and this matter is stayed until resolution of the related criminal proceeding pending in state court. It is further ordered that the Clerk of Court CLOSE the above-captioned civil case for administrative and statistical purposes, pending further order from this Court.

Signed in Baton Rouge, Louisiana, on April 7, 2016.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

14